TO ALL PARTIES:
*You are hereby notified to file a written response to the enclosed New Matter and New Matter Pursuant to Pa.R.C.P. 2252(d) within twenty (20) days from service hereof or judgment may be entered against you.*

_____
Attorney for Defendant, *Tannewitz, Inc.*

**DAVIS, PARRY, TYLER & WRIGHT**
By: Christopher H. Wright, Esquire
Attorney I.D. No.: 27091
1525 Locust Street, 14th Floor
Philadelphia, PA 19102                    Attorney for Defendant, Tannewitz, Inc.
(215) 732-3755

---

*IN THE UNITED STATES DISTRICT COURT*
*FOR THE EASTERN DISTRICT OF PENNSYLVANIA*

| | | |
|---|---|---|
| **ALAN FEHR** | : | **No. 02-CV-3145** |
| | : | |
| **vs.** | : | |
| | : | |
| **C.O. PORTER MACHINERY COMPANY** | : | |
| **and** | : | |
| **COPCO, INC.** | : | |
| **and** | : | |
| **TANNEWITZ, INC.** | : | |

*ANSWER OF DEFENDANT*
*TANNEWITZ, INC. TO CIVIL ACTION-COMPLAINT*

1.    Denied.

2.    Denied.

3.    Denied.  Copco, Inc. was a Delaware corporation whose corporate charter was revoked on

or about July 15, 1998.  It is further denied that it was a successor to the liabilities of C.O.

Porter Machinery Company.

4.    Admitted in part, denied in part.  It is admitted that Tannewitz, Inc. is a corporation with its

principal place of business at 0794 Chicago Drive, Jenison, Michigan.  It is specifically

denied that Tannewitz, Inc. is a successor to the liabilities of C.O. Porter Machinery Company and/or Copco.

5.      Denied.

6.      Denied.

7.      Denied.

8.      Denied.  Answering Defendant does not have sufficient information to either admit or deny the allegations of this paragraph.  They are therefore denied and due proof demanded at time of trial.

9.      Denied.  Defendant, Tannewitz, Inc., denies that it was the manufacturer, seller and further denies that it has liability as successor to the manufacturer and/or seller of the hydra-cut saw which allegedly caused Plaintiff's injuries.

10.     Denied.

11.     Denied.  Defendant Tannewitz denies that it or any of its predecessors manufactured, designed or placed into the stream of commerce the hydra-cut saw which is the subject of this civil action.  Defendant Tannewitz therefore denies that it had any duty to inspect or maintain the saw in question.  Accordingly, all allegations of this paragraph are denied and due proof demanded at time of trial.

12.     Denied.  It is denied that Tannewitz, Inc. is a successor to liability of C.O. Porter Machinery Company.  It is further denied that Tannewitz, Inc. received C.O. Porter's inventory, engraving drawings, manufacturing records, documents, sales material, customer lists, manufacturing equipments, trademarks, copyrights or trade names.  It is further denied that Tannewitz at any time represented to the public that it was a successor to C.O. Porter

2

Machinery Company or at any time used what good will, if any, there was of C.O. Porter Machinery Company. Accordingly, all allegations of this paragraph are denied and due proof demanded at time of trial.

13.    Denied.

14.    Denied.

15.    Denied.

## *COUNT I – STRICT LIABILITY*

16.    Defendant, Tannewitz, Inc., hereby incorporates its answers to paragraphs 1 through 15 as though fully set forth herein at length.

17.    Admitted in part, denied in part. It is admitted that Tannewitz is in the business of manufacturing and selling hydra-cut saws. It is specifically denied that Tannewitz designed, manufactured, marketed, sold or distributed the hydra-cut saw which is the subject of this civil action. Accordingly, all remaining allegations of this paragraph are denied and due proof demanded at time of trial.

18.    Denied. It is denied that Tannewitz, Inc. is a successor to any liabilities of C.O. Porter Machinery Company and specifically therefore denies that it has any liability for the design, marketing or sale of the hydra-cut saw which is the subject of this civil action and which allegedly caused Plaintiff's injuries. All allegations of this paragraph are therefore denied.

19.    Denied. Defendant Tannewitz did not manufacture, produce, sell, market, design or distribute and therefore did not place into the stream of commerce the hydra-cut saw which is the subject of this civil action. Accordingly, all allegations of this paragraph are denied.

20.    Denied.  It is further denied that the hydra-cut saw which is the subject of this civil action was in a dangerous or defective condition.

21.    Denied.  It is denied that the hydra-cut saw which is the subject of this civil action was defective, hazardous, dangerous or otherwise highly harmful.

22.    Denied.  To the contrary, Defendant asserts that Plaintiff's injuries were caused in whole or in part by his contributory negligence and/or assumption of the risk.

23.    Denied.  Defendant Tannewitz did not design, manufacture, sell or distribute the hydra-cut saw which is the subject of this civil action.  Accordingly, all allegations of this paragraph are denied including subparagraphs a. through l. inclusive.

24.    Denied.  Defendant Tannewitz denies liability and further denies that it placed a defective product into the stream of commerce.

25.    Denied.

WHEREFORE, Tannewitz, Inc. denies any and all liability and requests judgment in its favor.


## *COUNT II – NEGLIGENCE*

26.    Defendant, Tannewitz, Inc., hereby incorporates its answers to paragraphs 1 through 25 as though fully set forth herein at length.

27.    Denied.  Defendant Tannewitz was not the manufacturer, seller or designer of the hydra-cut saw which is the subject of this civil action.  Defendant Tannewitz therefore denies that it has a duty to users or foreseeable users of the hydra-cut saw.  Accordingly, all allegations of this paragraph are denied and due proof demanded at time of trial.

28. Denied. The allegations of this paragraph fail to identify the agents, servants, employees of Tannewitz, Inc. who are allegedly negligent and careless. These allegations lack sufficient specificity for answering Defendant to either admit or deny. Accordingly, all allegations of this paragraph are denied including subparagraphs a. through l. inclusive. It is further denied that Tannewitz, Inc. designed, manufactured or sold the hydra-cut saw which is the subject of this civil action.

29. Denied. Tannewitz, Inc. denies that it was negligent or careless or in any way caused or contributed to injuries allegedly suffered by Plaintiff.

WHEREFORE, Tannewitz, Inc. denies any and all liability and requests judgment in its favor.


### *COUNT III – BREACH OF WARRANTY, EXPRESS AND IMPLIED*

30. Defendant, Tannewitz, Inc., hereby incorporates its answers to paragraphs 1 through 29 as though fully set forth herein at length.

31. Denied. Defendant Tannewitz at no time either expressly or impliedly warranted the hydra-cut saw which is the subject of this civil action. Accordingly, all allegations of this paragraph are denied.

32. Denied. Defendant Tannewitz at no time either expressly or impliedly warranted the hydra-cut saw which is the subject of this civil action. Accordingly, all allegations of this paragraph are denied.

33. Denied. Defendant Tannewitz at no time either expressly or impliedly warranted the hydra-cut saw which is the subject of this civil action. Accordingly, all allegations of this paragraph are denied.

34.     Denied.  Defendant Tannewitz at no time either expressly or impliedly warranted the hydra-cut saw which is the subject of this civil action.  Accordingly, all allegations of this paragraph are denied.  It is further denied that Defendant Tannewitz in any way caused or contributed to injuries allegedly suffered by Plaintiff.

35.     Denied.

WHEREFORE, Defendant Tannewitz denies any and all liability as alleged and requests judgment in its favor.

### FIRST AFFIRMATIVE DEFENSE

The Complaint is barred by the statute of limitations.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has waived his right to make a claim for damages against Tannewitz, Inc.

### THIRD AFFIRMATIVE DEFENSE

The Complaint is barred and/or limited by the doctrine of accord and satisfaction.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of equitable estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Answering Defendant did not design, manufacture, sell or place into the stream of commerce the product which is the subject of this civil action.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred from litigation in that the Complaint fails to state a cause of action upon which relief can be granted.



### *SEVENTH AFFIRMATIVE DEFENSE*

Defendant Tannewitz has breached no duty owed, either implied or expressed, to the Plaintiff.

### *EIGHTH AFFIRMATIVE DEFENSE*

The claims asserted by the Plaintiff are barred or otherwise limited by the negligence of the Plaintiff pursuant to the provisions of the Pennsylvania Comparative Negligence Act.

### *NINTH AFFIRMATIVE DEFENSE*

Any and all injuries or damages alleged to have been suffered by the Plaintiff were caused by the negligence of independent intervening parties or instrumentalities over which the Defendant had no control or duty to control.

### *TENTH AFFIRMATIVE DEFENSE*

The Complaint is barred because of ineffective service of process.

### *ELEVENTH AFFIRMATIVE DEFENSE*

The Complaint against C.O. Porter Machinery Company and Copco, Inc. is barred due to lack of service of process.

### *TWELFTH AFFIRMATIVE DEFENSE*

The damages, if any, sustained by the Plaintiff are subject to diminution pursuant to the applicable collateral source rule and/or statutes.

### *THIRTEENTH AFFIRMATIVE DEFENSE*

Claims of Plaintiff are barred and/or limited by Plaintiff's assumption of the risk.

### *FOURTEENTH AFFIRMATIVE DEFENSE*

Plaintiff's claims against Defendant are barred and/or limited due to the modification of the machine by parties not subject to the control of Defendant.

*DAVIS, PARRY, TYLER & WRIGHT*


By:_____
    **CHRISTOPHER H. WRIGHT, ESQUIRE**
    **Attorney for Defendant, Tannewitz, Inc.**

8

## *CERTIFICATION OF SERVICE*

I hereby certify that I am this day serving a copy of the foregoing document upon the individual indicated below by first class United States mail, which service satisfies the requirements of all applicable rules of civil procedure:

> John N. Zervanos, Esquire
> 1525 Locust Street
> 8th Floor
> Philadelphia, PA 19102

_____
CHRISTOPHER H. WRIGHT, ESQUIRE
Attorney for Defendant, Tannewitz, Inc.

Date:   November 20, 2002

9