*DAVIS, PARRY, TYLER & WRIGHT*
By: Christopher H. Wright, Esquire
Attorney I.D. No.: 27091
1525 Locust Street, 14th Floor
Philadelphia, PA 19102          Attorney for Defendant, Tannewitz, Inc.
(215) 732-3755

---

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALAN FEHR** : | No. 02-CV-3145 |
|      vs. : | |
| **C.O. PORTER MACHINERY COMPANY** : | |
|      and : | |
| **COPCO, INC.** : | |
|      and : | |
| **TANNEWITZ, INC.** : | |

**MOTION FOR SUMMARY JUDGMENT OF
DEFENDANT, TANNEWITZ, INC.**

*I.   Background/Facts*

       The material facts of this case are uncontested. On August 8, 2000, Plaintiff, Alan D. Fehr, while operating a C.O. Porter Model No. 43-20J Hydra-Cut saw for his employer, Bally Block Company, suffered an amputation of his right forearm.

       The saw in question was manufactured by C.O. Porter Machinery Company and sold to Bally Block Company on or about November 29, 1948. (Exhibit "A") C.O. Porter Machinery Company, a Michigan corporation, filed for Chapter 11 Bankruptcy (Exhibit "B") and while in that bankruptcy sold certain assets to COPCO, Inc. for the price of Three Hundred Fifty-Five Thousand ($355,000.00) Dollars pursuant to a sale of certain assets agreement dated May 11, 1983. (Exhibit "C") Those assets sold to COPCO are identified in the exhibit attachment to the Bankruptcy Court Order dated April 25, 1983. (Exhibit "D") It is evident in the list of assets that only personal

property was sold and specifically, the C.O. Porter Machinery Company corporate name was not sold and therefore could not be used by COPCO.

Included in the list of machines for which COPCO would assume warranty obligations reference is only made to the product line 47A saw and there is no mention in any of the asset purchase documents of the Model 47J saw, the model operated by Plaintiff at the time of his injury. Furthermore, COPCO only manufactured the Model 47A hydra-cut/cut-off saw (Pysarchik, p. 24) and there is no evidence that the 47J saw was manufactured, serviced nor any parts sold by COPCO following its acquisition of the C.O. Porter Machinery Company assets.

Plaintiff initiated this civil action against three original Defendants, C.O. Porter Machinery Company, COPCO, Inc. and Tannewitz, Inc.  C.O. Porter Machinery Company was no longer in existence at the time of the filing of the suit and is not presently a party.  COPCO, Inc. ceased to exist in 1998 (Exhibit "E") and therefore is not a party. The only remaining Defendant in this action is Tannewitz, Inc. pursuant to a stipulation of the parties filed January 2003.

According to the testimony of the President of Tannewitz since 1986, Maury Pysarchik, Tannewitz never marketed or manufactured hydra-cut saws/cut-off saws which are the subject of this litigation (Pysarchik, p. 12).  Tannewitz, Inc., which has been in existence for 110 years, manufactures band saws (Pysarchik, pp. 8, 9). COPCO, which occupied the same plant as Tannewitz (Pysarchik, p. 23) did manufacture hydra-cut/cut-off saws (Pysarchik, p. 13), but stopped manufacturing and selling them in 1995 or 1996 (Pysarchik, p. 22).  COPCO then dissolved in 1998 (Exhibit "E") (Pysarchik, p. 13) and therefore was not in existence at the time that this civil action was initiated.  There is no evidence that Tannewitz and COPCO had any connection other than occupying the same premises.  According to Mr. Pysarchik, COPCO was not a subsidiary of

Tannewitz (Pysarchik, p. 16). Tannewitz's only involvement with a hydra-cut/cut-off saw was that it did sell parts for the C.O. Porter 47A, but only for the Model 47A hydra-cut/cut-off saw (Pysarchik, p. 34).

## II.     *Summary Judgment Standard*

The Eastern District Court in *Dale v. Webb Corporation,* 252 F.Supp.2d 186, 188-180, succinctly stated the standard by which summary judgment may be granted:

> "Summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The role of the trial court is to determine whether there are material factual issues that merit a trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In making that determination, **\*189** the court must give the nonmoving party the benefit of all reasonable inferences that might be drawn from the underlying facts. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986); *Sempier v. Johnson and Higgins,* 45 F.3d 724, 727 (3d Cir. 1995) (en banc). Summary judgment is appropriate if the court finds that the record "could not lead a rational trier of fact to find for the nonmoving party, [and] there is no 'genuine issue for trial.'" *Matsushita,* 475 U.S. at 587, 106 S.Ct. 1348."

## III.    *Successor Liability in General*

There remains only one Defendant in this action, which is Tannewitz, Inc. The undisputed facts are that Tannewitz, Inc. did not purchase the assets of C.O. Porter Machinery Company, nor did it ever manufacture, distribute or sell a hydra-cut/cut-off saw such as that being operated by the Plaintiff at the time of his injury (Pysarchik, p. 12). Tannewitz concedes that it sold parts for the Model 47A Hydra-Cut/Cut-Off saw (Pysarchik, p. 34). The Model 47A was not the model being

operated by Plaintiff at the time of his injury. It is undisputed that the Claimant was operating the Model 47J Hydra-Cut/Cut-Off saw.

Tannewitz therefore contends that its Motion for Summary Judgment should be granted simply because it did not purchase the assets of C.O. Porter Machinery Company which manufactured and sold to Plaintiff's employer the machine which is the subject of this litigation. Nor did Tannewitz, Inc. ever manufacture, service or distribute the hydra-cut/cut-off saw at any time during its 110 years of existence. The fact that Tannewitz, Inc. sold parts for a Porter 47A hydra-cut/cross-cut saw, a model different in design than that operated by the Plaintiff, is simply not sufficient under Pennsylvania law for Tannewitz, Inc. to be liable to the Plaintiff in this action.

It is anticipated that Plaintiff will argue that Tannewitz can be subject to liability pursuant to the Pennsylvania product line exception. In anticipation of this argument, Tannewitz, Inc. offers the following.

In Pennsylvania there are certain exceptions to the general rule that when one company sells or transfers its assets to another company, that the purchasing or receiving company is not responsible for debts and liabilities of the selling company simply through the acquisition of certain assets. _LaFountain v. Webb Industries Corporation_, 951 F.2d 544, 547 (3d Cir. 1991).

Those exceptions to this standard rule whereby the purchasing company can be held responsible for the seller's liabilities are as follows:

> 1) the purchaser expressly or impliedly agreed to assume the obligations; 2) the transaction amounted to a consolidation or merger; 3) the purchasing corporation was merely a continuation of the selling corporation; 4) the transaction was fraudulently entered into to escape liability; and 5) the transfer was without adequate consideration and no provisions were made for creditors of the selling corporation. _Id. See also Simmers v. American Cyanamid,_ 394 Pa.Super. 464, 576 A.2d 376 (1990)." _Hill v. Trailmobile, Inc._, 412 Pa. Super. 320, 326, 603 A.2d 602 (Pa. 1992).

4

Recognizing that Tannewitz, Inc. did not purchase any assets from C.O. Porter Machinery Company, nor did it purchase any assets from COPCO, Inc., and there was no merger or acquisition, then none of these exceptions would apply to Tannewitz, Inc. and for that reason it is respectfully requested that this Motion for Summary Judgment be granted and all Counts of Plaintiff's Complaint against Tannewitz, Inc. be dismissed.

It is anticipated by Tannewitz, Inc. that Plaintiff will argue that the only exception which has any remote applicability to Tannewitz, Inc. would be that exception which is commonly known as "the product line exception". In anticipation of such an argument, Tannewitz offers the following argument.

## IV.   *Issue*

Can Tannewitz, Inc. be held liable for Plaintiff's injury in this product liability case pursuant to the "product line" exception?

Proposed Response: Negative.

## V.   *Argument*

The Eastern District Court of Pennsylvania in applying Pennsylvania law has acknowledged that in general when one corporation sells or transfers its assets to a second corporation, the successor does not become liable for the debts and liabilities of the predecessor. *LaFountain v. Webb Industries Corporation*, 951 F.2d 544, 547 (3d Cir. 1991).

> "One exception to this rule is the "product line" exception, which Pennsylvania courts adopted in *Dawejko v. Jorgensen Steel Co.,* 290 Pa. Super. 15, 434 A.2d 106 (1981), because the successor liability doctrine left some plaintiffs who were injured

by defective products without recourse. *See Hill v. Trailmobile, Inc.,* 412 Pa. Super. 320, 603 A.2d 602, 606 (1992)." <u>Kradel v. Fox River Tractor Company,</u> 308 F. 3d 328, 332 (3d Cir. 2002)

Most recently, the Eastern District Court in <u>Dale v. Webb Corporation</u>, 252 F. Supp.2d 186 (E.D. Pa. 2003), found that this product line exception should only be applied if the following three factors are present:

> 1) The virtual destruction of the plaintiff's remedies against the original manufacturer caused by the successor's acquisition of the business;
> 2) The successor's ability to assume the original manufacturer's risk-spending rule; and
> 3) The fairness of requiring the successor to assume a responsibility for defective products that was a burden necessarily attached to the original manufacturer's good will being employed by the successor in the continued operation of the business.

*Kradel,* 308 F.3d at 331-32 (citing *Hill,* 603 A.2d at 606). It is only after all three *Ray* factors have been established that a court may consider whether the product line exception is applicable under the facts of a given case. *Kradel*, 308 F.3d at 332." <u>Dale v. Webb Corporation</u>, <u>Id.</u> at 190-191.

Should any one of these factors not be present, then the product line exception cannot be applied to Tannewitz, Inc.

### A. *The virtual destruction of the plaintiff's remedies against the original manufacturer caused by the successor's acquisition of the business.*

There is no evidence that Tannewitz, Inc. acquired C.O. Porter Machinery Company or is any way a successor to that company. As noted in the recitation of the facts of this case, the assets of C.O. Porter Machinery Company were acquired by COPCO, Inc. at a cost of Three Hundred Fifty-Five Thousand ($355,000.00) Dollars pursuant to the bankruptcy of Porter. Tannewitz, Inc. is the only remaining Defendant in this case with the only connection between Tannewitz, Inc. and

COPCO, Inc. is that for a time they occupied the same premises. Furthermore, COPCO ceased to exist in 1998, four years before this litigation was initiated.

Assuming arguendo that there was a legal connection between COPCO, Inc. and Tannewitz, Inc., which connection is specifically denied by Tannewitz, did COPCO's acquisition of Porter's assets cause the virtual destruction of Plaintiff's remedy against the original manufacturer? This "causation requirement" was explored in detail by the Court in *Dale v. Webb Corporation, supra*, where it was determined that the causation requirement is an essential element of Pennsylvania's product line exception.

Where the acquisition of assets of the manufacturer of the product occurs while the manufacturer is in receivership/bankruptcy, the causation requirement is not met. *See Tracey v. Winchester Repeating Arms*, 745 F.Supp. 1099 (E.D. Pa. 1990); *Dale v. Webb, supra*.

In *Tracey v. Winchester Repeating Arms*, 745 F.Supp. 1099 (E.D. Pa. 1990), the Court addressed the causation requirement in the product line exception where as here, there was an acquisition of assets as the result of bankruptcy/receivership of the company which had manufactured the product in question. In *Tracey*, the company which had manufactured the product in question had gone into receivership and while in receivership sold its assets to the company which eventually became known as Winchester Repeating Arms Company, the defendant. The Court in *Tracey* found that the Plaintiff's remedies against the manufacturer of the product had not been caused by Winchester's acquisition of the manufacturer's assets since the manufacturer had sold its assets while in receivership. Since the manufacturer suffered financial difficulties which eventually led to its dissolution, the asset purchase by Winchester could not be considered the cause of Plaintiff's destruction of remedies against the original manufacturer. *Id*. at 745 F. Supp. 1099, 1108.

> **B.    *The fairness of requiring the successor to assume a responsibility for defective products that was a burden necessarily attached to the original manufacturer's good will being employed by the successor in the continued operation of the business.***

Once again, Tannewitz, Inc. asserts that there is absolutely no evidence that Tannewitz, Inc. was a successor to COPCO, Inc. which purchased the assets of Porter during Porter's bankruptcy. However, assuming arguendo that there was a legal connection between COPCO, Inc. and Tannewitz, Inc., upon COPCO's acquisition of Porter's assets did COPCO employ the good will of Porter in the production and sale of hydra-cut/cross-cut saws? There is no evidence that COPCO, Inc. received or benefitted from any good will associated with the purchase of certain Porter assets. To the contrary, the asset purchase by COPCO specifically excluded the acquisition or use of the C.O. Porter Machinery Company name. Specifically, Schedule A attached to the Bankruptcy Court's Order of April 25, 1983 states:

> "Assets not included above, such as Seller's corporate name, cash, bank accounts . . . are excluded." (Exhibit "D").

There is simply no evidence that Tannewitz, Inc. received any good will from COPCO's acquisition of Porter's assets. There is no evidence that COPCO, Inc. received or benefitted from any good will associated with Porter. In fact, the asset purchase by COPCO specifically excluded the acquisition or use of the C.O. Porter Machinery Company name. (Exhibit "E").

Tannewitz submits that the application of this third factor in the product line exception should also address whether the product model which the Plaintiff was operating at the time of the injury, is the same model acquired by the alleged successor corporation. As noted in the recitation of facts, Plaintiff's injury occurred while operating the Porter Model No. 43-20J Hydra-Cut Saw. There is no evidence that COPCO manufactured, sold, serviced, or sold parts for the Model 43-20J.

The product line acquired and reproduced by COPCO was the Model 47A (Pysarchik, p. 24). The sale of parts by both COPCO and Tannewitz were only for the Model 47A (Pysarchik, p. 34). The importance of identifying and distinguishing which model was acquired and produced was noted by the Court in *Tracey v. Winchester Repeating Arms* when the Court directed its attention to the specific shotgun model which caused plaintiff's injury identified as Model 1897. However, the Court's attention to the manufacture or service of a specific model is addressed only as to plaintiff's theory of the failure to warn. *See Tracey Id.,* at 1111-1113.

Tannewitz submits that distinguishing between models should also be applied in the product line exception. Accordingly, if as in the facts of this case, the Porter Model No. 43-20J Hydra-Cut saw which Plaintiff was operating at the time of the injury, was never acquired, manufactured, serviced nor any parts sold for it by COPCO or Tannewitz, then there is no continuation of the product line. Of course, without a continuation of the product line, there can be no product line exception.

VI.  *Request for Summary Judgment on Plaintiff's Failure to Warn Theory*

Plaintiff's have presented an alternative theory for imposing liability against Tannewitz, Inc. which is that Tannewitz breached its duty to warn Plaintiff of the allegedly defective product. This issue is also addressed in *LaFountain v. Webb Industries Corporation*, 951 F.2d 544 (3d Cir. 1991), which found that the plaintiff has the burden to establish a duty on the part of the defendant and a breach of the obligation to warn. In order to do so, the Plaintiff must demonstrate that there was a relationship between the parties that gave rise to a duty. *Id.* at 548.

The Courts in determining whether or not there is a relationship between the parties, have looked to:

> "Such factors as succession to service contracts, coverage of the particular machine by a contract, service of that machine by the successor, and the successor's knowledge of both the defect and the machine owner's location." *Id.* at 549.

Although it was admitted by the President of Tannewitz, that Tannewitz did sell parts for the 47A hydra-cut saw, there is no evidence that Tannewitz or even COPCO had a service contract with Bally Block Company, provided any service to the machine in question, or that COPCO or Tannewitz had any knowledge of the defects alleged by Plaintiff. To the contrary, testimony of Bally Block's maintenance personnel reveals that all maintenance was provided onsite by employees of Bally Block Company (Hoffman, pp. 16-29, pp. 38-39, Bentz, pp. 4, 7, 13, 14, 17, Exhibit "G").

In addition, any breach of warranty claim by Plaintiff was required to be filed within four years of the sale or delivery of the machine, according to 13 Pa.C.S.A. §2725(b). As a result, Plaintiff's claim for breach of warranty, Count III, is time-barred, pursuant to 13 Pa.C.S.A. §2725(b).

### VII.    *Request for Summary Judgment on Plaintiff's Count II for Negligence*

The product line exception to the general rule of successor non-liability applies only to strict liability actions, and does not extend to the claims for negligence or breach of warranty claims. *Philadelphia Electric Company v. Hercules*, 762 F.2d 303, 311 (3d Cir. 1985); *Gower v. Savage Arms, Inc.*, 166 F.Supp.2d 240, 253-54 (E.D.Pa. 2001).

Accordingly, Plaintiff's Count II claim for negligence against Tannewitz, should be dismissed.

*VIII.     Conclusion*

Whereby, Tannewitz, Inc. contends that Plaintiff's Count I, Strict Liability Count against Tannewitz, Inc. should be dismissed insofar as Tannewitz, Inc. is not a successor to C.O. Porter Machinery Company, Inc. which manufactured and sold the product in question. Nor is Tannewitz, Inc. subject to any of the exceptions to the general rule that when one corporation sells or transfers its assets to a second corporation, the successor does not become liable for the debts and liabilities of the predecessor.

Count II of Plaintiff's Complaint alleging negligence against Tannewitz should likewise be dismissed since there are no exceptions to the general rule of successor liability for allegations of negligence. Further, Plaintiff's Count III alleging breach of warranties should be dismissed as time-barred pursuant to 13 Pa.C.S.A. §2725(b).

*DAVIS, PARRY, TYLER & WRIGHT*

By:_____
   **CHRISTOPHER H. WRIGHT, ESQUIRE**
   **Attorney for Defendant, Tannewitz, Inc.**

## *CERTIFICATION OF SERVICE*

I hereby certify that I am this day serving a copy of the foregoing document upon the individual indicated below by hand delivery, which service satisfies the requirements of all applicable rules of civil procedure:

>John N. Zervanos, Esquire
>1525 Locust Street
>8th Floor
>Philadelphia, PA 19102

>_____
>CHRISTOPHER H. WRIGHT, ESQUIRE
>Attorney for Defendant, Tannewitz, Inc.

Date:   September 8, 2003

*DAVIS, PARRY, TYLER & WRIGHT*
By: Christopher H. Wright, Esquire
Attorney I.D. No.: 27091
1525 Locust Street, 14th Floor
Philadelphia, PA 19102                                   Attorney for Defendant, Tannewitz, Inc.
(215) 732-3755

---

*IN THE UNITED STATES DISTRICT COURT*
*FOR THE EASTERN DISTRICT OF PENNSYLVANIA*

| | |
|---|---|
| **ALAN FEHR**   : | No. 02-CV-3145 |
|                  : | |
| vs.              : | |
|                  : | |
| **C.O. PORTER MACHINERY COMPANY** : | |
| and              : | |
| **COPCO, INC.**  : | |
| and              : | |
| **TANNEWITZ, INC.** : | |

***O R D E R***

**AND NOW,** this        day of                  , 2003, upon consideration of the Motion for Summary Judgment of Defendant, Tannewitz, Inc., and any response thereto, it is hereby **ORDERED** and **DECREED** that the Motion for Summary Judgment of Tannewitz, Inc. is hereby **GRANTED** and judgment is entered in favor of Tannewitz, Inc. and against the Plaintiff as to all Counts of Plaintiff's Complaint.

*BY THE COURT:*

_____
*J.*