*DAVIS, PARRY, TYLER & WRIGHT*
By: Christopher H. Wright, Esquire
Attorney I.D. No.: 27091
1525 Locust Street, 14th Floor
Philadelphia, PA 19102                                    Attorney for Defendant, Tannewitz, Inc.
(215) 732-3755

---

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALAN FEHR** | : | No. 02-CV-3145 |
| | : | |
| vs. | : | |
| | : | |
| **C.O. PORTER MACHINERY COMPANY** | : | |
| and | : | |
| **COPCO, INC.** | : | |
| and | : | |
| **TANNEWITZ, INC.** | : | |

**MOTION FOR SUMMARY JUDGMENT OF
DEFENDANT, TANNEWITZ, INC.**

*AND NOW* comes Defendant, Tannewitz, Inc. by and through its attorneys, Davis, Parry, Tyler & Wright and Christopher H. Wright, Esquire, and files this Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure to be entered in its favor against Plaintiff, Alan Fehr, and in support thereof avers the following:

1. Plaintiff, Alan Fehr, on May 22, 2002 filed a Complaint against Defendants, C.O. Porter Machinery Company, COPCO, Inc. and Tannewitz, Inc. alleging that Plaintiff, while an employee of Bally Block Company, suffered an injury to his right hand and arm while operating a Hydra-Cut saw manufactured by C.O. Porter Machinery Company. Plaintiff has asserted allegations against the three Defendants for strict liability, negligence and breach of

warranties, express and implied. Defendant, Tannewitz, Inc. filed an Answer to the Complaint on September 13, 2002, denying all material allegations.

2. No responsive pleadings were filed by C.O. Porter Machinery Company or COPCO, Inc. In January 2003, Plaintiff filed a Stipulation whereby Defendants COPCO, Inc. and C.O. Porter Machinery Company were dismissed with prejudice.

3. The saw being operated by Plaintiff at the time of his injury was a C.O. Porter Model No. 43-20J Hydra-Cut saw, which was manufactured by C.O. Porter Machinery Company and sold to Bally Block Company on or about November 29, 1948.

4. C.O. Porter Machinery Company filed for Chapter 11 Bankruptcy in March 1983 and during the course of that bankruptcy, sold certain assets to COPCO, Inc. for the price of $355,000.00 pursuant to a Sale of Certain Assets Agreement dated May 11, 1983. The list of assets included only personal property and specifically did not include sale of the C.O. Porter Machinery Company name. The documents reveal that the only product line hydra-cut saw sold to COPCO was the Model 47A and not the Model 47J, which was the model operated by Plaintiff at the time of his injury. There is no evidence that COPCO after the asset purchase manufactured, sold, distributed or serviced the Model 43-20J.

5. COPCO ceased to exist in 1998 and is not a party to this action.

6. According to the testimony of the President of Tannewitz, the only remaining Defendant, Tannewitz, never marketed or manufactured hydra-cut saws which are the subject of this litigation (Pysarchik, p. 12). There is no evidence that Tannewitz was a successor to COPCO, Inc., or that it produced a product line of hydra-cut saws, especially the C.O. Porter Model No. 43-20J Hydra-Cut. The only involvement of Tannewitz with a hydra-cut saw was

    that it sold parts for the C.O. Porter Model 47A, which was not the model being operated by Plaintiff at the time of his injury.

7. Tannewitz requests this Motion for Summary Judgment be granted because it did not purchase the assets of C.O. Porter Machinery Company which manufactured and sold to Plaintiff's employer the machine which is the subject of this litigation. Furthermore, Tannewitz never manufactured, serviced or distributed the hydra-cut saw at any time.

8. Tannewitz also requests that Plaintiff's Count II claim for negligence be dismissed on the basis that Tannewitz, Inc. did not manufacture, service or distribute the hydra-cut saw operated by Plaintiff at the time of his injury.

9. Tannewitz requests that Plaintiff's Count III claims for breach of warranties expressed and implied be dismissed as time-barred having not been filed within four years of the sale or delivery of the machine as required pursuant to 13 Pa.C.S.A. §2725(b).

**WHEREFORE,** it is respectfully requested that Tannewitz's Motion for Summary Judgment be granted as to all three counts of Plaintiff's Complaint and that judgment be entered in favor of Tannewitz and against Plaintiff.

*DAVIS, PARRY, TYLER & WRIGHT*

By:_____
    **CHRISTOPHER H. WRIGHT, ESQUIRE**
    **Attorney for Defendant, Tannewitz, Inc.**

## *CERTIFICATION OF SERVICE*

      I hereby certify that I am this day serving a copy of the foregoing document upon the individual indicated below by hand delivery, which service satisfies the requirements of all applicable rules of civil procedure:

> John N. Zervanos, Esquire
> 1525 Locust Street
> 8th Floor
> Philadelphia, PA 19102

                                            _____
                                            CHRISTOPHER H. WRIGHT, ESQUIRE
                                            Attorney for Defendant, Tannewitz, Inc.

Date:   October 1, 2003