***DAVIS, PARRY, TYLER & WRIGHT***
By: Christopher H. Wright, Esquire
Attorney I.D. No.: 27091
1525 Locust Street, 14th Floor
Philadelphia, PA 19102                         Attorney for Defendant, Tannewitz, Inc.
(215) 732-3755

---

***IN THE UNITED STATES DISTRICT COURT***
***FOR THE EASTERN DISTRICT OF PENNSYLVANIA***

| | | |
|---|---|---|
| **ALAN FEHR** | : | **No. 02-CV-3145** |
| | : | |
| **vs.** | : | |
| | : | |
| **C.O. PORTER MACHINERY COMPANY** | : | |
| **and** | : | |
| **COPCO, INC.** | : | |
| **and** | : | |
| **TANNEWITZ, INC.** | : | |

***SUR REPLY OF TANNEWITZ, INC. PURSUANT TO***
***THE MOTION FOR SUMMARY JUDGMENT OF TANNEWITZ, INC.***

***AND NOW*** comes Defendant, Tannewitz, Inc. by and through its attorneys, Davis, Parry, Tyler & Wright and Christopher H. Wright, Esquire, and files this Sur Reply Pursuant to the Motion for Summary Judgment of Tannewitz, Inc and in support thereof avers the following:

1.      It is admitted that the Asset Purchase Agreement between C.O. Porter Machinery Company and COPCO, Inc. was dated February 28, 1983 which was then followed by Porter's bankruptcy filing on or about March 2, 1983.  Porter's filing was a Petition for Relief under Chapter 11 of the Bankruptcy Code (Exhibit "A").  As a result, the bankruptcy filing did not cause the destruction of Plaintiff's remedy against C.O. Porter Machinery Company, insofar as Porter could continue as a viable business pursuant to a Chapter 11 filing.

2.      Porter did not sell all of its assets to COPCO.  Specifically, the Asset Purchase Agreement excluded pursuant to Schedule A, paragraph 7, Porter's CNC woodworking equipment such as "Little Guy" and "Big Guy".  Also excluded from the sale was Porter's corporate name, office equipment, furniture, supplies and non-inventory machinery and equipment, tools (Exhibit "B").  As a result, Porter had the assets and corporate name to continue the viability of its business.

The sale of the Porter assets was completed following a public hearing in the Bankruptcy Court whereby any and all interested parties and creditors were allowed an opportunity to bid on the property (Exhibit "C").

3.      There is no evidence that the Model 43J which is the subject of the present litigation was a product line continued by COPCO, Inc.  To the contrary, in an exhibit attached to the Asset Purchase Agreement entitled "Machines still under warranty as of March 1, 1983".  The only cross-cut saw identified is the Model 47A (Exhibit "D").

4.      As attested to in an Affidavit produced to the Court on September 29, 2003, the Model 47A is an entirely different product than that of the 43J including different electrical and hydraulic components with absolutely no commonality or inter changeability of parts (see Affidavit of Kenneth Bonnell).

5.      Tannewitz, pursuant to discovery, produced a document from the Michigan Department of Consumer Industry Services whereby the authority of COPCO, Inc. to transact business in Michigan was revoked on July 15, 1998.  Pursuant to the questions raised by the Court during oral argument on September 29, 2003, Tannewitz, Inc. has located the enclosed Certificate of Dissolution from the Office of the Secretary of State of Delaware confirming that COPCO, Inc., a Delaware corporation, was dissolved on or about March 13, 1996 (Exhibit "E").

2

6.    There is no evidence that there was a continuity of ownership/stockholders pursuant to the purchase of assets of C.O. Porter Machinery Company by COPCO, Inc.  To the contrary, the documentation reveals that the Officers of Porter were Dan C. Porter, President and Edward Smith, Secretary (Exhibit "F").  Following COPCO's acquisition of a portion of Porter's assets, COPCO and Dan C. Porter entered into a consulting agreement whereby Dan C. Porter served as a consultant and independent contractor to COPCO (Exhibit "G").

7.    There was no continuity of ownership of Tannewitz, Inc. when it was acquired by its current stockholders in April 1996.  COPCO, Inc. was dissolved in March 1996 (Exhibit "E"). Tannewitz, in April of 1996, was acquired by Morry Pysarchik, Carl Flury and David Olthouse, all of which prior to 1996 had held no interest or ownership in Tannewitz or COPCO (Exhibit "H").

**WHEREFORE,** Tannewitz, Inc. respectfully requests that the Court grant its Motion for Summary Judgment in favor of Tannewitz, Inc., and dismiss Plaintiff's Complaint.

**DAVIS, PARRY, TYLER & WRIGHT**


By:_____
     **CHRISTOPHER H. WRIGHT, ESQUIRE**
     **Attorney for Defendant, Tannewitz, Inc.**

3

**DAVIS, PARRY, TYLER & WRIGHT**
By: Christopher H. Wright, Esquire
Attorney I.D. No.: 27091
1525 Locust Street, 14th Floor
Philadelphia, PA 19102                    Attorney for Defendant, Tannewitz, Inc.
(215) 732-3755

---

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALAN FEHR** | : | **No. 02-CV-3145** |
| | : | |
| **vs.** | : | |
| | : | |
| **C.O. PORTER MACHINERY COMPANY** | : | |
| **and** | : | |
| **COPCO, INC.** | : | |
| **and** | : | |
| **TANNEWITZ, INC.** | : | |

### MEMORANDUM OF LAW IN SUPPORT OF
### SUR REPLY OF TANNEWITZ, INC. PURSUANT TO
### THE MOTION FOR SUMMARY JUDGMENT OF TANNEWITZ, INC.

**I.    Background/Facts**

In addition to those facts cited in the Motion for Summary Judgment of Tannewitz, Inc., the

additional facts and exhibits are offered pursuant to the request of the Court during oral argument

of September 29, 2003.  In support of the argument by Tannewitz that the Asset Purchase Agreement

did not constitute a destruction of Plaintiff's remedies against Porter, Defendant has attached as

Exhibit "A" a Petition for Relief filed by Porter.  As can be seen, it is relief under Chapter 11 of the

Bankruptcy Code thereby allowing Porter to continue as a business entity beyond the asset sale to

COPCO.  As is evidenced by Schedule A of the Asset Purchase Agreement, Porter retained not only

its corporate name, office equipment, furniture and supplies, but also its ownership and rights to

CNC woodworking equipment. This is apparently a viable product line of woodworking equipment/machinery identified as "Little Guy" and "Big Guy".

Furthermore, the sale of the Porter assets was completed pursuant to a public hearing at which any and all persons could appear and bid for the assets made available for sale. It was therefore not restricted to COPCO only. Tannewitz therefore argues that the asset purchase by COPCO did not cause the destruction of Plaintiff's remedies insofar as Porter could continue as a viable business entity with a viable woodworking product line pursuant to Chapter 11 of the Bankruptcy Code. Importantly, the purchase by COPCO of Porter assets was not exclusive to COPCO and therefore COPCO did not cause the asset sale or the bankruptcy of Porter.

As argued by counsel for Tannewitz, there is no evidence that the Model 43J product line was continued by COPCO following its acquisition of Porter assets. Attached as Exhibit "D" is a list of machines still under warranty for which COPCO would be responsible and only the 47A Model is identified. Likewise, as attested to by the Affidavit of Kenneth Bonnell, COPCO never manufactured the Model 43J which is an entirely different product line from that of the Model 47A.

Finally, in the event the Court considers that COPCO, Inc. continued the product line of C.O. Porter Machinery Company, COPCO is no longer a party to this action and was dissolved prior to the acquisition of Tannewitz by its current owners. COPCO, a Delaware corporation, was dissolved on March 13, 1996. Tannewitz was acquired by its current stockholders, Morry Pysarchik, Carl Flury and David Olthouse in April 1996. Neither of the three current stockholders/owners of Tannewitz ever had an interest in COPCO, Inc. or Tannewitz prior to the April 1996 acquisition.

2

II.     **Issue**

*Is there evidence that there was a merger/acquisition of C.O. Porter Machinery Company and COPCO, Inc. which would constitute an exception to the general rule that the acquiring company is not responsible for the liabilities of the selling company?*

Pennsylvania law has acknowledged an exception to the general rule that when a company sells or transfers its assets to another company, the acquiring company is not responsible for debts and liabilities of the selling company. One such exception to this general rule is when the transaction amounted to a consolidation or merger such that the purchasing corporation was merely a continuation of the selling corporation.

United States Western District Court in August 2003 in the matter of *Ryan Beck & Co., Inc. v. Faust*, 2003 WL 22047321, *2 (W.D.Pa. 2003) reviewed the elements necessary for a *de facto* merger exception stating as follows:

> "**\*3**   The *de facto* **merger** exception generally considers four factors: (1) continuity of ownership/stockholders; (2) cessation of the ordinary business of the predecessor and its prompt dissolution; (3) assumption by the **successor** of the **liabilities** ordinarily necessary for the daily operations of the business; and (4) continuity of management, personnel, physical location and the general business operation. *Commonwealth v. Lavelle*, 382 Pa.Super. 356, 555 A.2d 218, 227 (Pa.Super. 1989); *Nettis v. Levitt,* 241 F.3d 186, 193-94 (2d Cir. 2001) (applying New York law)."

According to the United States Eastern District Court in *Forrest v. Beloit Corporation and Harnischfeger Industries, Inc.*, 2003 WL 22004876 (E.D.Pa. 2003), the transfer of stock is a critical element in determining whether or not there is a *de facto* merger.

> "Of these four factors, the transfer of stock is a key element in finding a *de facto* merger because it represents continuity of ownership. *Stutzman v. Syncro Machine Co., Inc.,* 1991 WL 66796, at *4, 1991 U.D. Dist. LEXIS 5308, * 15 (E.D.Pa. 1991); *Pol Am Pack v. Redicon Corp.,* 2000 WL 1539079, *3 (E.D.Pa. 2000) (finding that plaintiff's *de facto* merger claim failed as a matter of law because the stock transfer element was absent from the acquisition of assets.) As in *Pol Am Pack,* Plaintiff's

3

*de facto* merger claim must fail as a matter of law because the stock transfer element is absent from the 1986 transaction."

There is no evidence that there was a continuity of ownership between Porter and COPCO. Certainly, there is no evidence of a transfer of stock between the two companies. To the contrary, it was strictly an asset purchase. Furthermore, Dan Porter, President and Director of C.O. Porter Machinery Company did not serve as an employee, officer, or director of COPCO. Instead, as evidenced by the consulting agreement, he served solely as a consultant in an independent contractor capacity.

Accordingly, pursuant to *Forrest v. Beloit, supra.,* without a stock transfer between Porter and COPCO a *de facto* merger exception must fail as a matter of law because the stock transfer element is absent.

In addition thereto, as evidenced by the Chapter 11 filing of Porter, there was not the succession of the ordinary business of Porter, nor its prompt dissolution, a required element to establish a *de facto* merger. Another element missing between the COPCO and Porter transaction is that there was no continuity of management, personnel or physical location. There is no evidence that the management of Porter continued at COPCO. The evidence reveals that only two persons from Porter continued at COPCO. The first, Dan Porter, served as an independent contractor/consultant and was not an employee. Kenneth Bonnell testified that one ex-employee of C.O. Porter, Rubin Kangas, worked at COPCO (Bonnell, p. 13). Importantly, his employment was solely to build the Model 47A cross-cut saw which once again confirms that the Model which is the subject of this litigation, the 43J, was never manufactured by COPCO.

4

In conclusion, there is insufficient factual evidence that there was a merger/acquisition of C.O. Porter Machinery Company and COPCO, Inc.

**WHEREFORE,** Tannewitz, Inc. respectfully requests that the Court grant its Motion for Summary Judgment in favor of Tannewitz, Inc., and dismiss Plaintiff's Complaint.

*Respectfully submitted,*

*DAVIS, PARRY, TYLER & WRIGHT*

By:_____
      **CHRISTOPHER H. WRIGHT, ESQUIRE**
      **Attorney for Defendant, Tannewitz, Inc.**

5

## *CERTIFICATION OF SERVICE*

I hereby certify that I am this day serving a copy of the foregoing document upon the individual indicated below by hand delivery, which service satisfies the requirements of all applicable rules of civil procedure:

John N. Zervanos, Esquire
1525 Locust Street
8th Floor
Philadelphia, PA 19102


CHRISTOPHER H. WRIGHT, ESQUIRE
Attorney for Defendant, Tannewitz, Inc.

Date:   October 3, 2003