**LAW OFFICES OF SOLOFF & ZERVANOS**

John N. Zervanos, Esquire

Identification No.# 49615

Jeffrey P. Fritz, Esquire

Identification No.#78124

1525 Locust Street, 8th Floor

Philadelphia, PA 19102

(215) 732-2260 Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT FOR THE

## EASTERN DISTRICT OF PENNSYLVANIA

**ALAN FEHR** :

6365 Chestnut Hill Road :

Coopersburg, PA 18036 :

Plaintiff :

vs. : NO. 02-3145

:

**TANNEWITZ, INC.** :

0794 Chicago Drive :

Jenison, MI 49428 : Defendant :

## PLAINTIFF'S MOTION IN LIMINE TO INTRODUCE EVIDENCE OF DESIGN CHANGES WHICH OCCURRED PRIOR TO PLAINTIFF'S ACCIDENT OF

## AUGUST 8, 2000

1. On August 8, 2000, Plaintiff Alan Fehr was injured catastrophically while operating a model 43J hydra-cut saw, originally manufactured by C.O. Porter Machinery Company.

2. Eventually the 43J was replaced by the model 47A as a continuation of the hydra-cut saw product line.

3. The 47A was then manufactured, sold and marketed by Copco, Inc. and Tannewitz Corporation which made two improvements to the saw.

A) The hydra-cut saw was designed so that it was not capable of initiating its cycle

cut without activating a two button hand control device;

B) Incorporated a switch to prevent unintended recycling of the saw.

4. After making the above mentioned improvements to the subject hydra-cut saw product line, Defendant Tannewitz failed to notify its customers and users of the 43J about the dangers inherent in the original 43J.

5. The improvement to the original design as set forth above were mechanically feasible and made the product safer.

6. Evidence of subsequent measures when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures is admissible evidence of design defect.

7. Defendant feasibly could have created a safer original saw design, or at least communicated the saw's subsequent design, which would very likely have prevented the original saw from amputating Plaintiff's forearm and hand.

8. The changes made to the product line were made long before plaintiff Alan Fehr's accident.

9. Defendant was required to provide a post-sale warning to those who use the product, namely the 43J

regarding its known defects in its design, particularly, its ability to unintentionally recycle and its lack of a two hand control device thereby exposing a hand or other body part.

10. Defendants Tannewitz was required to make reasonable attempts to warn users of the subject 43J including Plaintiff Alan Fehr of its defects as set forth above.

WHEREFORE, plaintiff's seeks a court order permitting plaintiff to introduce evidence of design change as set forth above which occurred before plaintiffs accident of August 8, 2000.

Respectfully submitted,

By: _____

John N. Zervanos, Esquire


Jeffrey P. Fritz, Esquire

Counsel for Plaintiff, Alan Fehr


Dated: October 6, 2003