IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALAN FEHR, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| C.O. PORTER MACHINERY | : | |
| CO., et al., | : | No. 02-3145 |
|     Defendants. | : | |

Schiller, J.                                                                                          October 8, 2003

## MEMORANDUM AND ORDER

    Plaintiff Alan Fehr brings this product-liability suit for damages arising from the accidental amputation of his hand and forearm by a "hydra-cut" saw. Plaintiff alleges that the saw model in question was defectively designed. The sole remaining defendant in this action, Tannewitz, Inc., ("Tannewitz") now moves for summary judgment on the grounds that it is not liable for the design or manufacturing defects of the saw's previous manufacturers, C.O. Porter Machinery Co. ("C.O. Porter") and Copco, Inc. ("Copco"). Plaintiff responds that material facts are in dispute regarding whether Tannewitz assumed the liabilities of these manufacturers. For the reasons set out below, the Court will deny Defendant's motion for summary judgment.

**I. FACTUAL BACKGROUND**

    Tannewitz is a saw manufacturing corporation that has been in existence for over 100 years. (Def.'s Mot. Summ. J. at 2.) C.O. Porter Machinery Co. was a manufacturer of wood- and metal-working saws from the mid-twentieth century until 1983. (*See* Def.'s Sur-Reply, Ex. A.) Copco was incorporated in Delaware on February 17, 1983. (*Id.*, Ex. E.) On February 28, 1983, Copco entered into an agreement with C.O. Porter to purchase most of C.O. Porter's

assets. (*Id.* at 1.) The following day, C.O. Porter filed for bankruptcy. (*Id.*, Ex. A.) In April 1983, the bankruptcy court approved the February 28 asset-sale agreement, and C.O. Porter was dissolved soon thereafter. (Def.'s Mot. Summ. J., Ex. E.)

The parties dispute the nature of the relationship between Copco and Tannewitz from 1983 until 1998. It is undisputed, however, that these corporations were listed at the same mailing address (Def.'s Mot. Summ. J. at 2) and that payments for sales of Copco products were made directly to Tannewitz. (Bennett Dep. at 6-7.) In addition, Tannewitz admits to manufacturing Copco saws and replacement parts under model number 47-A. (Def.'s Mot. Summ. J. at 3.) Plaintiff asserts, and Tannewitz disputes, that the 47-A saw is the same model under a different name as the C.O. Porter model 43-J saw that injured Plaintiff. In 1998, Copco dissolved under circumstances that are unclear to the Court. It appears that Tannewitz no longer sells Copco saws.

## II. LEGAL BACKGROUND

### A. Summary Judgment Standard

Summary judgment is appropriate when the record discloses no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party bears the burden of showing that the record reveals no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *See* FED. R. CIV. P. 56(c); *Anderson*, 477 U.S. at 247. Once the moving party has met its burden, the non-moving party must go beyond the pleadings to set forth specific facts showing that there is a genuine issue for

trial. *See* FED. R. CIV. P. 56(e); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986). "There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249. "Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance." *Williams v. Borough of W. Chester*, 891 F.2d 458, 460-61 (3d Cir. 1989).

### B. Assumption of Liabilities

Under Pennsylvania law, a successor corporation generally is not liable for the torts of its predecessor. *See Granthum v. Textile Mach. Works*, 326 A.2d 449 (Pa. Super. Ct. 1974) (noting "general rule of nonliability"). In order to defeat a motion for summary judgment on the issue of assumption of liability, the nonmoving party must demonstrate "facts which will remove [defendant] from the general rule of nonliability." *Id.* (reversing grant of summary judgment). One method of making such a showing is to demonstrate the applicability of the "product line exception" to the rule against successor liability. This doctrine, first adopted by Pennsylvania courts in *Dawejko v. Jorgensen Steel Co.*, 434 A.2d 106 (Pa. Super. Ct. 1981), stands generally for the proposition that a corporation that purchases a line of products from another corporation may, in certain situations, be held liable for torts associated with that product line. *Id*. at 109. The Third Circuit and this Court have recently explained that a successor corporation may be held liable where three conditions are met:[1] (1) The plaintiff's remedy against the product

---

[1] The parties disagree as to whether these factors constitute prerequisites for liability or are merely factors for consideration. The Court need not resolve this dispute, however, because even if these are requirements, Plaintiff has demonstrated a sufficient factual basis for a jury to

manufacturer was "virtually destroyed" by the successor corporation's acquisition of the business; (2) the successor is able to assume the manufacturer's "risk-spreading role"; and (3) the fairness of assigning liability to the successor "necessarily attached" to the successor's employment of the original manufacturer's good will through the continued operation of the business. *Kradel v. Fox River Tractor Co.*, 308 F.3d 328, 331-32 (3d Cir. 2002); *Dale v. Webb Corp.*, 252 F. Supp. 2d 186, 190-91 (E.D. Pa. 2003); *Dawejko*, 434 A.2d at 109.

### III. DISCUSSION

In order to defeat Tannewitz's motion for summary judgment, Plaintiff must show that there is a genuine dispute regarding material facts that relate to Tannewitz's assumption of C.O. Porter's liabilities. In other words, Plaintiff must demonstrate a legitimate factual basis upon which a reasonable factfinder could determine that the product line exception applies to Tannewitz.

Tannewitz asserts that the first and third prongs of the product line exception are not met. Regarding the first prong of that doctrine—virtual destruction of the plaintiff's remedy—Tannewitz argues that Copco's acquisition of C.O. Porter's assets did not cause the destruction of Plaintiff's remedy because C.O. Porter was already in bankruptcy when the acquisition occurred, meaning that Plaintiff would have had no recourse against C.O. Porter even if the acquisition had not occurred. Tannewitz cites as support *Tracey v. Winchester Repeating Arms*, 745 F. Supp. 1099 (E.D. Pa. 1990) (O'Neill, J.), in which this Court held that the purchase of a bankrupt company's assets did not satisfy the first prong of the product line exception.

---

find that they were met.

Tannewitz's argument, however, is faulty. As Plaintiff correctly notes, the purchase agreement was entered into *prior* to C.O. Porter's bankruptcy. C.O. Porter was not bankrupt when Copco purchased its assets, and Tannewitz provides no evidence indicating that C.O. Porter would have filed for bankruptcy in the absence of Copco's agreement to purchase the company's assets, given that this agreement contractually *required* C.O. Porter to file for bankruptcy. (Def.'s Mot. Summ. J., Ex. C at 2.) Thus, Tannewitz cannot rely on *Tracey* to obtain summary judgment regarding the product line exception. Instead, Tannewitz must demonstrate that C.O. Porter was not effectively rendered judgment-proof by the asset purchase agreement—a showing that is not made by the facts currently on record. Accordingly, the Court finds that material facts are in dispute regarding whether Copco's purchase of C.O. Porter's assets destroyed Plaintiff's remedy vis-a-vis C.O. Porter.

     Regarding the third prong of the product line doctrine—employment of the predecessor corporation's business and good will—Tannewitz argues that Copco did not employ the good will of C.O. Porter, for two reasons: (1) Copco did not buy the rights to, nor use, the C.O. Porter name; and (2) Copco did not manufacture the model 43-J saw. The first of these claims is entirely specious—the name "Copco" itself is an anagram of **C**.**O**. **P**orter **Co**., and Copco held itself out as having "40 years of experience," which is clearly a reference to C.O. Porter's history. (Pl.'s Reply, Ex. 7.) Tannewitz's second claim is the subject of serious factual dispute between the parties, with Plaintiff citing deposition transcripts that seem to refute Tannewitz's argument. (*See*, *e.g.*, Bonnell Dep. at 24 (stating that "the 43Js were built by Copco").) This genuine factual dispute renders summary judgment inappropriate.

**IV. CONCLUSION**

For the reasons set out above, the Court denies Defendant's motion for summary judgment. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALAN FEHR, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| C.O. PORTER MACHINERY CO., et al., | : | No. 02-3145 |
|     Defendants. | : | |

## ORDER

**AND NOW**, this     day of **October**, **2003**, upon consideration of Defendant's Motion for Summary Judgment and the response thereto, it is hereby **ORDERED** that:

Defendant's Motion for Summary Judgment (Document No. 11) is **DENIED**.

BY THE COURT:

_____
**Berle M. Schiller, J.**